UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAUL A. ULLOA, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7253** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (R. Doc. 9) filed by Defendant, GeoVera Specialty Insurance Company. Plaintiff, Raul A. Ulloa, Sr., opposes the motion.[1] For the following reasons, Defendant's motion is **DENIED**.

## I.   BACKGROUND

On July 26, 2023, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson alleging breach of contract and bad faith penalty claims against Defendant for its alleged failure to pay an insurance claim following damage to Plaintiff's home during Hurricane Ida.[2] Defendant removed the action to this Court on December 11, 2023.[3] Thereafter, the parties began litigating this matter under the Eastern District of Louisiana's Case Management Order ("CMO") designed specifically for cases relating to Hurricane Ida.[4] Pursuant to the CMO, as amended, the parties were required to provide initial disclosures within forty-five days of Defendant's responsive pleading.[5] Defendant filed its answer on December 18, 2023.[6] Neither party exchanged initial disclosures by the February 1, 2024 deadline.

---

[1] R. Doc. 11.
[2] R. Doc. 1-1 at 3–4.
[3] R. Doc. 1.
[4] R. Docs. 4, 7.
[5] R. Doc. 4 at 3; R. Doc. 7 at 3.
[6] R. Doc. 5.

On February 19, 2024, counsel for Defendant reached out to counsel for Plaintiff asking about the status of Plaintiff's initial disclosures and sharing that Defendant's disclosures would be provided in the following days.[7] Despite multiple follow-up emails, Plaintiff still had not provided his initial disclosures as of the filing of the instant motion by Defendant.[8]  Defendant therefore asks this Court to dismiss Plaintiff's claims with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for Plaintiff's failure to comply with the Court's CMO.

Less than an hour after the motion was filed, Plaintiff provided his initial disclosures to Defendant.[9]  According to counsel for Plaintiff, the initial disclosures had been prepared but, due to an unintentional oversight by counsel, had not been forwarded to Defendant.[10]  Plaintiff thus opposes dismissal, arguing that the requirements of the CMO have now been satisfied and that the facts of this case do not support dismissal with prejudice.

## II.   LAW AND ANALYSIS

Under Federal Rule of Procedure 41(b), a defendant may move for dismissal of a plaintiff's claims if the plaintiff fails to prosecute his case or fails to comply with the Federal Rules of Civil Procedure or a court order.[11]  The Fifth Circuit has found that a plaintiff's failure to comply with a CMO may lead to dismissal of plaintiff's claims when "(1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not . . . serve the best interests of justice."[12]

Here, as Plaintiff points out, there is not a clear record of delay or contumacious conduct by the Plaintiff to support dismissal of Plaintiff's claims with prejudice.  Almost immediately after

---

[7] R. Doc. 9-3.
[8] R. Doc. 9.
[9] R. Doc. 11; R. Doc. 11-1.
[10] R. Doc. 11.
[11] FED. R. CIV. P. 41.
[12] *Peters v. Scottsdale Ins. Co.*, 2024 WL 326653, at *2 (W.D. La. Jan. 29, 2024) (quoting *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020)) (cleaned up).

Defendant filed the instant motion, Plaintiff provided his initial disclosures. While these disclosures are admittedly untimely under the CMO, this alone does not support finding a "clear record of delay or contumacious conduct by the plaintiff."[13]  Accordingly, the Court finds the "draconian remedy" of dismissal with prejudice is not appropriate here.[14]

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (R. Doc. 9) is **DENIED**.

New Orleans, Louisiana, this 22nd day of August 2024.

**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

[13] *See, e.g.*, *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d at 359 (emphasis added) (finding "a clear record of delay or contumacious conduct by the plaintiff" where the court offered plaintiff "*numerous* extensions and grace periods" and she "consistently failed" to provide the required information); *In re Deepwater Horizon*, 907 F.3d 232, 235–36 (5th Cir. 2018) (emphasis added) (finding a clear record of delay where the district court gave plaintiff a "*number of opportunities*" to comply with the order and plaintiffs still failed to do so).

[14] *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d at 357 (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) ("[W]e have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'").